NATHAN B. CAMUTI (SBN 300568)
nate@camutilaw.com
ANDREW R. COWAN (SBN 356310)
andrew@camutilaw.com
CAMUTI LAW GROUP, APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: 949.716.5565

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NRCIA LLC, a California limited liability company; Field Gate FLP, an Oregon family limited partnership;<br><br>    Plaintiffs,<br><br>  v.<br><br>The Elite Group Property Inspection Service, Inc., a California corporation; Rocket Roofing LLC, a California limited liability company; Alan Ibarra, an individual; and DOES 1-10, inclusive;<br><br>    Defendants. | Case No.: 8:25-cv-02722<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**<br><br>2. **UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)(1)(A)**<br><br>3. **FALSE DESIGNATION OF ORIGIN & FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)**<br><br>4. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200**<br><br>5. **COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiffs NRCIA LLC ("NRCIA") and Field Gate FLP ("Field Gate")
2    (collectively with NRCIA, "Plaintiffs"), by and through its undersigned counsel,
3    brings this action against Defendants The Elite Group Property Inspection Service,
4    Inc. ("Elite Group"), Rocket Roofing LLC ("Rocket Roofing"), Alan Ibarra ("A
5    Ibarra"), and DOES 1-10, inclusive (all collectively, "Defendants"), alleging the
6    following:

7                                  **INTRODUCTION**

8        1.    This is an action for willful trademark infringement and unfair
9    competition arising from Defendants' unauthorized use in commerce of
10   designations that are confusingly similar to Plaintiff's federally-registered
11   trademarks for "LEAKFREE" and "LEAKFREE ROOF TECHNOLOGIES"
12   under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair
13   competition and false designation of origin under Section 43(a) of the Lanham
14   Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark
15   infringement and unfair competition under the statutory and common laws of the
16   State of California. Defendants promote, market, and sell services utilizing the
17   "LEAKFREE" brand, including via sales conversations and videos on the domain
18   www.eliteinspections.com/services/roof-certification/ on which website
19   Defendants offer services overlapping with Plaintiff's services, and that are
20   directed to the same consumers through the same channels of trade. Defendants'
21   conduct is likely to cause consumer confusion, mistake, or deception as to the
22   affiliation, connection, or association of Defendants with Plaintiff, and as to the
23   origin, sponsorship, or approval of Defendants' services by Plaintiff.

24       2.    Plaintiff seeks both injunctive and monetary relief.

25                                   **JURISDICTION**

26       3.    This court has subject-matter jurisdiction over all claims in the
27   present case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28
28   U.S.C. § 1367 because claims in this action arise under the Lanham Act, 15

U.S.C. §§ 1114 and 1125, and the related state- and common-law claims form part of the same case or controversy.

4.     This Court has personal jurisdiction over Defendants because Defendants have purposefully directed into and conducted their unlawful and damaging commercial activity within the State of California, including in this judicial district. Defendants' unlawful commercial activity includes marketing, offering, and providing services under the "LEAKFREE" and "LEAKFREE ROOF TECHNOLOGIES" branding to customers within the Central District of California; maintaining at least one employee, agent, or representative in Los Angeles County and Orange County; and by operating an interactive commercial website at www.eliteinspections.com that hosts videos infringing Plaintiff's trademarks and targets and serves California consumers. Because Defendants operate in Southern California and also maintain agents within and provide services in this judicial district, Defendants have reaped the benefit of the laws of this district. Accordingly, it does not offend traditional notions of fair play and substantial justice to hail Defendants into this Court.

5.     Under 28 U.S.C. § 1391, the United States District Court for the Central District of California is the appropriate venue for this action, because (1) the claims at issue in this litigation arose in this district as a result of Defendants' purposeful marketing, sale, and performance of infringing services in this judicial district and from Defendants' maintenance of at least one employee or other agent in this judicial district, causing damage and injury to Plaintiff, its brand, and its valuable intellectual property rights, and (2) because as described above Defendants are properly subject to personal jurisdiction in this district.

**PARTIES**

6.     Plaintiff NRCIA LLC is a limited liability company organized under the laws of the State of California with its principal place of business located at 1421 N Wanda Rd., Ste 120P, Orange, CA 92867.

7.     Plaintiff Field Gate is a family limited partnership organized under the laws of the State of Oregon with its principal place of business located at 5441 S Macadam Ave, Suite R, Portland, OR 97239.

8.     On information and belief, Defendant The Elite Group Property Inspection Service, Inc. ("Elite Group") is a California corporation with its principal place of business located at 9480 Utica Ave, Ste 608, Rancho Cucamonga, CA 91730. Defendant Elite Group hosts advertisements on its website that infringe the "LEAKFREE" and "LEAKFREE ROOF TECHNOLOGIES" trademarks at issue in this action. At all relevant times, Defendant Elite Group directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

9.     On information and belief, Defendant Rocket Roofing LLC ("Rocket Roofing") is a California limited liability company with its principal place of business located at 2755 Ynez Road, Unit 110, Temecula, CA 92591. As demonstrated by the videos on the website www.eliteinspections.com, Defendant Rocket Roofing utilizes the Plaintiff's trademarks to advertise and provide services to consumers. At all relevant times, Defendant Rocket Roofing directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

10.     On information and belief, Defendant Alan Ibarra ("A Ibarra") is an individual, citizen, and resident of California. On information and belief, Defendant A Ibarra was and is an owner, founder, member, director, and/or officer of Defendant Rocket Roofing. At all relevant times, Defendant A Ibarra directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

11.     Plaintiffs are currently unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants, and

each of them, by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same has been ascertained. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated as a "DOE" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages, and liabilities hereinafter alleged and caused injuries and damages proximately caused thereby to Plaintiffs, as hereinafter alleged.

12. Whenever and wherever appearing in this Complaint, each and every reference to defendant, DEFENDANT, DEFENDANTS, and any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

13. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

14. Plaintiffs are informed and believe, and on that basis allege, that Defendants' unlawful conduct delineated in this Complaint actually and proximately caused Plaintiffs' damages, for which Defendants, each of them including DOES 1 through 10, inclusive, are jointly and severally liable.

15. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendants, each of them, including DOES 1 through 10, inclusive, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of its codefendants, or otherwise acting on behalf of each and every remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, co-owner, an agent, representative, partner, employee, supervisor, and/or alter ego of its co-defendants, and at all times herein mentioned, working in concert with his or her

co-defendants and was acting with the permission, consent of, and ratification, in concert with, and in conspiracy with, each and every one of the remaining Defendants.

## FACTS

### A. __Plaintiff's Rights in the "LEAKFREE" Marks__

16.    Field Gate is the owner of the valid and subsisting United States Trademark Registration No. 3028889, for the trademark "LEAKFREE" ("'889 Mark") and United States Trademark Registration No. 6244239, for the trademark "LEAKFREE ROOF TECHNOLOGIES" ("'239 Mark") (collectively, "Plaintiffs' Marks"). Plaintiffs' Marks are both registered on the Principal Register by the United States Patent and Trademark Office ("USPTO"). The '889 mark is registered in International Class 36 in connection with providing extended warranty contracts regarding the quality and condition or roof construction on homes and other residential structures, and the '239 Mark is registered in International Class 37 in connection with building construction services and general building contractor services (collectively, "Plaintiffs' Services").

17.    NRCIA is the exclusive licensee of Plaintiffs' Marks, and the trademark license agreement between NRCIA and Field Gate mandates that NRCIA enforce the rights granted by Plaintiffs' Marks.

18.    Plaintiffs have used the '239 Mark continuously in U.S. commerce since at least April 1, 2020. Plaintiffs have used the '889 Mark continuously in U.S. commerce since at least September 1, 1999, and the '889 Mark was granted incontestable status on January 5, 2011. Plaintiffs filed the application for the '889 Mark on December 15, 2004, and the USPTO registered the '889 Mark on December 13, 2005. Plaintiffs filed the application for the '239 Mark on June 15, 2020, and the USPTO registered the '239 Mark on January 12, 2021. Attached as Exhibit A are true and correct copies of the registration certificates for Plaintiffs' Marks.

19.    Plaintiffs have used Plaintiffs' Marks continuously in U.S. commerce throughout the United States since at least as early as September 1, 1999, in connection with Plaintiffs' Services, and Plaintiffs' Marks have become associated in the minds of consumers with Plaintiffs and Plaintiffs' Services. Attached hereto as Exhibit B is a true and correct screenshot of a representative sample of advertisements for Plaintiffs' Services as displayed on Plaintiffs' website, showing Plaintiffs' use of Plaintiffs' Marks.

20.    As a result of Plaintiffs' widespread, continuous, and exclusive use of Plaintiffs' Marks to identify Plaintiffs' Services and Plaintiffs as the source of the services offered under Plaintiffs' Marks, Plaintiffs own valid and subsisting federal statutory and common law rights in Plaintiffs' Marks.

21.    Plaintiffs' Marks are distinctive to both the consuming public and Plaintiffs' trade.

22.    Plaintiffs have expended substantial time, money, and resources marketing, advertising, and promoting the services offered under Plaintiffs' Marks, including through physical and internet advertising, as well as through providing the associated services and creating materials bearing Plaintiffs' Marks that are distributed to the public. Plaintiffs use Plaintiffs' Marks extensively in these marketing efforts.

23.    Plaintiffs offer and sell Plaintiffs' Services under Plaintiffs' Mark to consumers and businesses, including through Plaintiffs' website nrcia.org.

24.    As a result of Plaintiffs' expenditures and efforts, Plaintiff's Marks have come to signify the high quality of Plaintiffs' Services, and Plaintiffs' Marks have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

25.    Because of Plaintiffs' longstanding use of Plaintiffs' Marks in commerce, consumers recognize Plaintiffs' Marks as identifying Plaintiffs as the source of Plaintiffs' Services.

1  **B. <u>Defendant's Unlawful Activities</u>**

2      26.    Without Plaintiffs' authorization, and upon information and belief,

3  beginning after Plaintiffs acquired protectable federal rights in Plaintiffs' Marks,

4  Defendants adopted and began using "LEAKFREE"-formative trademarks

5  ("Infringing Mark") in interstate commerce.

6      27.    Defendants utilize the Infringing Mark in Defendants' advertisement

7  and provision of services including inspecting the quality and condition or roof

8  construction on homes, residential structures, commercial and industrial

9  buildings, and other real estate, as well as providing warranties or certifications

10 based upon the results of those inspections.

11     28.    The Infringing Mark adopted and used by Defendants is also nearly

12 identical to Plaintiffs' Marks. The literal elements of Defendants' Infringing Mark

13 are "LEAKFREE." The literal elements of the Infringing Mark exactly match

14 Plaintiffs' Marks. Plaintiffs and Defendants are both engaged in the business of

15 providing roof inspection services.

16     29.    Upon information and belief, Defendants have been engaged in the

17 provision, advertising, promotion, offering for sale, and sale of services using the

18 Infringing Mark throughout the United States via the internet. On information and

19 belief, Defendants also provide services here in California, which Defendant A

20 Ibarra personally advertised and sold.

21     30.    Upon information and belief, the services Defendants have provided,

22 promoted, advertised, offered for sale, and sold under the Infringing Mark are

23 highly related to Plaintiffs' Services. Plaintiffs and Defendants are effectively

24 direct competitors, marketing to the same consumers with the same interests and

25 needs, offering the same types of services.

26     31.    Upon information and belief, Defendants have provided, marketed,

27 promoted, offered for sale, and sold their services under the Infringing Mark in

28 interstate commerce by advertising through the internet and by other means

- 7 -

1    including directly providing services to consumers in California. Attached as

2    Exhibit C is a true and correct screenshot taken from Defendants' website that

3    describes Defendants' provision of services that are effectively identical to those

4    provided by Plaintiffs. Defendants' utilize Plaintiff's trademark in the video

5    displayed in Exhibit C, which is embedded on Defendants' website.

6        32.    Upon information and belief, Defendants offer and sell their services

7    under the Infringing Mark to consumers interested in roof inspections and

8    certifications, which is the same class of consumers to which Plaintiffs offer

9    Plaintiffs' Services.

10        33.    Defendants' use of the Infringing Mark includes video

11    advertisements where Defendants orally use the Infringing Mark in Defendants'

12    ad copy, as well as when discussing services with potential clients and customers.

13        34.    Despite having a prior business relationship with Plaintiff where

14    Defendant Elite Group utilized Plaintiff to provide Plaintiff's Services under

15    Plaintiff's Marks, Defendants have not halted their activities and instead continue

16    to offer their infringing products and services to consumers. Because Defendants

17    are aware of Plaintiff's trademark rights due to the prior business relationship

18    between Plaintiff and Defendant Elite Group, Defendants' actions constitute

19    knowing infringement.

20        35.    Defendants' infringing acts as alleged herein have caused and are

21    likely to cause confusion, mistake, and deception among the relevant consuming

22    public as to the source or origin of the Defendants' services and have and are

23    likely to deceive the relevant consuming public into believing, mistakenly, that

24    Defendants' services originate from, are associated or affiliated with, or otherwise

25    authorized by Plaintiffs.

26        36.    Because of the similarity of the marks and relatedness of the goods at

27    issue, consumers have a high likelihood of mistakenly confusing Defendants'

28    offerings with Plaintiffs' Services.

37.     Plaintiffs have never at any point given Defendants a license or other permission to display, copy, distribute, or otherwise use Plaintiffs' Marks or the Infringing Mark in any manner, on any website or platform.

38.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiffs' Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiffs' Services to Defendants. Defendants' willful infringement is demonstrated by Defendant Elite Group's former business relationship with Plaintiffs, which involved Plaintiffs performing Plaintiffs' Services for Elite Group customers. Based upon this past business relationship, Defendants are aware of Plaintiffs' valuable intellectual property rights but have continued to commit acts of infringement.

39.     Defendants' acts are causing and, unless restrained, will continue to cause incalculable damage and immediate irreparable harm to Plaintiffs and to Plaintiffs' valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

40.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.     Upon information and belief, Defendants have committed the

1    foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in

2    Plaintiffs' Marks and with the willful intent to cause confusion and trade on

3    Plaintiffs' goodwill.

4         43.    Defendants' conduct is causing immediate and irreparable harm and

5    injury to Plaintiffs, and to Plaintiffs' goodwill and reputation, and will continue to

6    both damage Plaintiffs and confuse the public unless enjoined by this Court.

7    Plaintiffs have no other adequate remedy at law.

8         44.    Because Defendants' infringement is willful, this case is an

9    exceptional case as described and contemplated in the Lanham Act. Plaintiffs are

10   accordingly entitled to enhanced remedies including injunctive relief and an

11   award of actual damages, Defendants' profits, treble damages and profits,

12   reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the

13   Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-

14   judgment interest.

15                               **<u>COUNT II</u>**

16        **<u>UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)</u>**

17        45.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through

18   39 of the Complaint as though fully set forth herein.

19        46.    Defendants' unauthorized use in commerce of the Infringing Mark as

20   alleged herein is likely to deceive consumers as to the origin, source, sponsorship,

21   or affiliation of Defendants' services, and is likely to cause consumers to believe,

22   contrary to fact, that Defendants' services are sold, authorized, endorsed, or

23   sponsored by Plaintiffs, or that Defendants are in some way affiliated with or

24   sponsored by Plaintiffs.

25        47.    Defendants' unauthorized use in commerce of the Infringing Mark as

26   alleged herein constitutes unfair competition and a misleading description and

27   representation of fact.

28        48.    Upon information and belief, Defendants' conduct as alleged herein

- 10 -

COMPLAINT

is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

49.    Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to Plaintiffs' goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no other adequate remedy at law.

51.    Because Defendants' conduct is willful, this case is an exceptional case as described and contemplated in the Lanham Act. Plaintiffs are accordingly entitled to enhanced remedies including injunctive relief and an award of actual damages, Defendants' profits, treble damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(B)

52.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

53.    Defendants' unauthorized use in commerce of Plaintiffs' Marks and/or a confusingly similar variation thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' alleged services, and likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

54.    Defendants' unauthorized use in commerce of Plaintiffs' Marks and/or a confusingly similar variation thereof as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

55.    Upon information and belief, Defendants' conduct as alleged herein

is willful, is intended to, is likely to, and has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

56.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to Plaintiffs' goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no other adequate remedy at law.

57.    Because Defendants' conduct is willful, this case is an exceptional case as described and contemplated in the Lanham Act. Plaintiffs are accordingly entitled to enhanced remedies including injunctive relief and an award of actual damages, Defendants' profits, treble damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV

## UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code § 17200, et seq.

58.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59.    By engaging in the acts and practices as alleged throughout this Complaint, Defendants have committed acts of unfair competition, as that term is defined and used in the Cal. Bus. & Prof. Code § 17200, et seq., which prohibits "any unlawful, unfair, or fraudulent business act or practice. . ."

60.    Under California law, a business practice is unlawful if it is forbidden by law.

61.    Under the UCL, whether a business practice is "fair" involves a balance of the impact of such conduct on its alleged victims versus the reasons, justification, and motive of the alleged wrongdoer.

62.    Plaintiffs are within the class intended to be protected by California Business & Professions Code § 17200.

63.    As alleged throughout this complaint, Defendants, and each of them, have intentionally, deliberately, and willfully engaged in infringing actions upon Plaintiffs' Marks without express authorization and/or consent of Plaintiffs. Specifically, Defendants, without the consent and/or authorization of Plaintiffs, have intentionally, deliberately, and willfully used and/or otherwise exploited Plaintiffs' Marks and/or confusingly similar variations thereof in commerce, in an effort to advertise, promote, market, solicit, and sell Defendants' services.

64.    Additionally, as delineated herein, Defendants have intentionally, deliberately, and willfully copied and/or otherwise used Plaintiffs' Marks and/or confusingly similar variations thereof in connection with their efforts to advertise, promote, market, solicit, and sell their competing services.

65.    Such acts as described within this Complaint taken cumulatively against Defendants rise to the level of deceptive, unfair, unlawful, and wrongful conduct.

66.    By reason of Defendants' deceptive, unfair, unlawful, and wrongful conduct, Defendants have violated California Business & Professions Code § 17200, by consummating an unlawful, unfair, and fraudulent business practice, designed to intentionally deceive the consuming public into believing that Defendants and the services being offered in commerce by Defendants are endorsed by and/or otherwise affiliated with Plaintiffs.

67.    Specifically, as a consequence of Defendants' acts and omissions, Plaintiffs are entitled to a preliminary and permanent injunction against Defendants restraining them, and each of them, from misappropriation and false utilization of Plaintiffs' Marks as well as any confusingly similar variations thereof from any further effort, publication, or act and omission which has the effect of leading Plaintiffs' customers and the general public into believing there is any affiliation of any kind whatsoever between Plaintiffs and Defendants.

68.    The actions of Defendants are willful and malicious. Therefore,

1  Plaintiffs are entitled to exemplary damages in an amount necessary and sufficient
2  to ensure that no further incidents, replication, or similar occurrence regarding the
3  rights of Plaintiffs occur at any time in the future and is a message that such
4  obstinate and despicable conduct is not tolerated in a civilized society.

5                              **COUNT V**
6  **COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR**
7                           **COMPETITION**

8      69.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through
9  68 of the Complaint as though fully set forth herein.

10     70.    Plaintiffs have established significant goodwill and favorable public
11 recognition in Plaintiffs' Marks through extensive use of the marks throughout
12 California and in interstate commerce in connection with Plaintiffs' services.

13     71.    Without Plaintiffs' consent, authorization, or knowledge, Defendants
14 have used and continue to use Plaintiffs' Marks and/or a confusingly similar
15 variation thereof in connection with the sale, offering for sale, distribution,
16 provision, or advertising of Defendants' goods and services, thereby trading upon
17 the goodwill associated with Plaintiffs, and misleading the public into believing a
18 connection or association exists between Defendants and Plaintiffs.

19     72.    Defendants' acts of infringement have caused and are likely to cause
20 consumer confusion and to mislead and deceive the consuming public as to the
21 source of Defendants' unauthorized services, enable Defendants to pass off their
22 unauthorized services as Plaintiffs' Services, and falsely suggest a connection
23 between Defendants and Plaintiffs. Defendants' actions thus violate the common
24 law of the State of California.

25     73.    As a direct and proximate result of Defendants' infringing and unfair
26 activities, Plaintiffs have suffered and will continue to suffer significant damage
27 in the form of loss of revenue, income, profits, and goodwill, which will increase
28 if not enjoined, and Defendants have unfairly acquired and will continue to

unfairly acquire revenue, income, profits, and goodwill and unjustly enrich themselves at Plaintiffs' expense.

74.    Defendants' trademark infringement and unfair competition will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law for all of the harm being caused to Plaintiffs, particularly in respect of the loss of Plaintiffs' goodwill, market share, and mark and brand control due to Defendants' infringement. Plaintiffs are therefore entitled to and seek temporary and permanent injunctive relief.

75.    Defendants' infringement was and is tortious, malicious, outrageous, oppressive, fraudulent, made in bad faith, and in conscious disregard of Plaintiffs' rights. Accordingly, in addition to general and compensatory damages, Plaintiffs should be awarded exemplary, punitive, and treble damages sufficient to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and request judgment against Defendants as follows:

1.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.    That Defendants have violated California Business & Professions Code § 17200, et seq., and California common law.

3.    That Defendants' actions in performing the above acts were willful.

4.    Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    manufacturing, distributing/providing, selling, marketing,

- 15 -

advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote goods and services bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' Marks;

b. engaging in any activity that infringes Plaintiffs' rights in Plaintiffs' Marks;

c. engaging in any activity constituting unfair competition with Plaintiffs;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiffs, or (ii) Plaintiffs' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

e. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiffs or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with Plaintiffs' Marks, or any of Plaintiffs' Services, or Plaintiffs as their source; and

h. aiding, assisting, or abetting any other individual or entity in

1    doing any act prohibited by sub-paragraphs (a) through (f).

2        5.      Granting such other and further relief as the Court may deem proper

3    to prevent the public and trade from deriving the false impression that any goods

4    or services manufactured, sold, distributed, licensed, marketed, advertised,

5    promoted, or otherwise offered or circulated by Defendants are in any way

6    approved, endorsed, licensed, sponsored, authorized, or franchised by, or

7    associated, affiliated, or otherwise connected with Plaintiffs or constitute or are

8    connected with Plaintiffs' goods or services.

9        6.      Directing Defendants to immediately cease all manufacture, display,

10   distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of

11   any and all packaging, labels, catalogs, shopping bags, containers, advertisements,

12   signs, displays, websites, and any other materials that feature or bear any

13   designation or mark incorporating the Infringing Mark or any other mark that is a

14   counterfeit, copy, simulation, confusingly similar variation, or colorable imitation

15   of Plaintiffs' Marks, and to direct all distributors, retailers, wholesalers, and other

16   individuals and establishments wherever located in the United States that

17   distribute, advertise, promote, sell, host, or offer for sale Defendants' goods or

18   services to cease forthwith the display, distribution, marketing, advertising,

19   promotion, sale, and/or offering for sale of any and all goods, services, packaging,

20   labels, catalogs, shopping bags, containers, advertisements, signs, displays, and

21   other materials featuring or bearing the Infringing Mark or any other mark that is

22   a counterfeit, copy, simulation, confusingly similar variation, or colorable

23   imitation of the Plaintiffs' Marks, and to immediately remove the same from

24   public access and view.

25       7.      Directing that Defendants recall and deliver up for destruction all

26   goods, packaging, shopping bags, containers, advertisements, promotions, signs,

27   displays, stickers, and related materials incorporating or bearing the Infringing

28   Mark or any other mark that is a counterfeit, copy, confusingly similar variation,

or colorable imitation of Plaintiffs' Marks.

8.    Directing Defendants to formally abandon with prejudice any and all of their applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiffs' Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.    Directing Defendants to cancel with prejudice any and all of their registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiffs' Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11.    Awarding Plaintiffs an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.    Directing that Defendants account to and pay over to Plaintiffs all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiffs for the damages caused thereby.

13.    Awarding Plaintiffs punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiffs their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

COMPLAINT

15.    Awarding Plaintiffs interest, including prejudgment and post-judgment interest, on the foregoing sums.

16.    Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,


Dated:  December 9, 2025                    By:  /s/ Andrew Robert Cowan

Andrew R. Cowan, Esq.
andrew@camutilaw.com
CAMUTI LAW GROUP APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: 949.716.5565

*Attorneys for Plaintiff*

COMPLAINT